IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OFARKANSAS
FAYETTEVILLE DIVISION

PATRICIA MILLER                                        PLAINTIFF

V.                              NO. 15-5196

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Patricia Miller, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income benefits (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her application for SSI on July 28, 2012, alleging an inability to work since September 28, 2008,[1] due to bipolar disorder and schizophrenia. (Doc. 12, pp. 201-206, 227-229, 246). An administrative hearing was held on December 13, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 12, pp. 35-48).

By written decision dated February 14, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

---

[1]Plaintiff's attorney amended her onset date at the hearing to June 28, 2012. (Doc. 12, p. 38). In addition, Plaintiff originally filed a Title II application, but her date last insured for Title II claims was June 30, 2009, and her Title II claim was therefore dismissed. (Doc. 12, p. 21).

Mental Disorder (Mood Disorder, bipolar).[2] (Doc. 12, p. 23). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 12, p. 24). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant can perform work that is limited to simple, routine, and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors, and the general public.

(Doc. 12, p. 25). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as hand packer and machine packer. (Doc. 12, p. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 15, 2015. (Doc. 12, pp. 5-9). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583

---

[2] In his brief filed on her behalf, Plaintiff's attorney states that the ALJ "found Plaintiff had severe impairments in epilepsy, arthropathies, major joint dysfunction and loss of visual acuity, but failed to find that her obesity and knee spurs were a severe impairment." (Doc. 10, p. 12). The Court is not sure where Plaintiff's attorney obtained this information because the ALJ found Plaintiff's severe impairment was Mental Disorder (Mood Disorder, bipolar).

(8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe

3

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R.§416.920, abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §416.920.

### III.    Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in failing to find that Plaintiff's knee spurs and obesity were severe impairments; 2) Whether the ALJ erred in his credibility analysis; and 3) Whether the ALJ erred because the ALJ failed to inquire whether the VE's testimony was consistent with the Dictionary of Occupational Titles. (Doc. 10).

#### A. Severe Impairments:

Plaintiff argues that the ALJ erred by failing to find her knee and back problems were severe impairments. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §1520(a)(4)ii. An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §404.1521. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).

4

"While '[s]everity is not an onerous requirement for the claimant to meet …it is also not a toothless standard.'" Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015)(quoting Kirby v. Astrue, 500 F.l3d 705, 708 (8th Cir. 2007)).

In this case, on November 3, 2012, Plaintiff presented to NMC – Springdale, complaining of lower abdominal pain, and was diagnosed with left flank pain and acute pyelonephritis. (Doc. 12, pp. 525-529). On November 26, 2012, Plaintiff presented to NMC – Springdale, complaining of left knee pain. (Doc. 12, p. 507). The range of motion in her left lower extremity was normal without pain, and there was diffuse, severe tenderness over the entire joint without localization. (Doc. 12, p. 510). X-rays of her lumbar spine, left femur, left tibia, fibula and left knee were negative. (Doc. 12, p. 511). Plaintiff was diagnosed with ligamentous sprain, left knee and lumbar strain. (Doc. 12, p. 511). These are the only two medical records relating to her knee and back problems, neither of which reveals any long term impact or any impact on Plaintiff's ability to function in the workplace. In addition, Plaintiff only listed bipolar disorder and schizophrenia as her alleged impairments, which is significant. Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001)("The fact that she did not allege depression in her application for disability benefits is significant even if the evidence of depression was later developed.")

Finally, where the ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, as the ALJ did in this case, any error in failing to identify a particular impairment as "severe" at step two is harmless. Swartz v. Barnhart, 188 Fed. Appx. 361, 388 (6th Cir. 2006); Elmore v. Astrue, 2012 WL 1085487 at *12 (E.D. Mo. Mar. 5, 2012).

The Court finds there is substantial evidence to conclude that the ALJ did not err in his determination of severe impairments.

### B. Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Plaintiff argues that the ALJ failed to properly apply the Polaski factors. In his decision, the ALJ found that Plaintiff's medically determinable impairment could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. (Doc. 12, p. 26). The ALJ addressed Plaintiff's daily activities, noting that she was: able to feed and dress herself and attend to personal hygiene without assistance; able to perform household chores; able to care for her small grandchildren, drive a car, and go out alone. (Doc. 12, p. 24). Plaintiff was also able to sew and go to sewing club meetings, go to church, and go to medical appointments. (Doc. 12, pp. 45, 268). In addition, the ALJ referenced the factors set forth in Polaski, and concluded that the level of Plaintiff's subjective pain and other

6

discomfort and the functional restrictions which they imposed were taken into account by "carefully considering all pertinent evidence in the record as a whole." (Doc. 12, p. 28).

The ALJ addressed the fact that the record revealed that Plaintiff's alleged psychologically based symptoms were adequately managed with medical treatment when she was compliant with treatment, and that the evidence showed a history of non-compliance. (Doc. 12, p. 28). He also noted that Plaintiff persisted in work-like activity in caring for her grandchildren, and was planning to undertake work at least part time and move from her daughter's house when she received disability benefits. (Doc. 12, p. 28). It is also noteworthy that Plaintiff was sporadic with attending counseling on occasions. (Doc. 12, pp. 485, 487).

With respect to side effects, on July 20, 2012, in her Pain Questionnaire and Function Report, Plaintiff did not indicate she had any medication side effects to Prozac, Risperdal or Abilify. (Doc. 12, p. 262).

The Court is mindful of the admonition given by the Eighth Circuit Court of Appeals in Pate-Fires v. Astrue, 564 F.3d 935, 946 (8th Cir. 2009), where the Court noted that the ALJ must take into account whether a mentally ill claimant's failure to comply with prescribed medication results from the mental illness itself. However, in Hensley v. Colvin, 829 F.3d 926, 935 (8th Cir. 2016), the Eighth Circuit noted that whether severe mental illness has resulted in justifiable noncompliance is a "fact-intensive issue." Id. In Hensley, Plaintiff was prescribed and took medications that stabilized his mental impairments, PTSD and depression and also was prescribed and expressed interest in completing a group therapy program to treat his PTSD. Id. However, after attending one session in 2011, he twice failed to attend and was discontinued from that program. The Court found that there was no evidence that Hensley's failure to attend "was a medically-determinable symptom of [his]

mental illness," and therefore, the ALJ could reasonably conclude that his repeated failure to attend a prescribed course of treatment was evidence that his mental impairment was less disabling than Hensley claimed. Id.

The Court believes the facts of this case are very similar to those in Hensley. Plaintiff reported to OGC on July 24, 2012, that her depression had been greatly reduced through taking Abilify, and that she took care of her grandchildren and did most of the household chores. (Doc. 12, p. 424). On August 15, 2012, Plaintiff reported to OGC that she was doing well taking Abilify, Risperdal, and Prozac, and had no major depression or mood swings. (Doc. 12, p. 449).

On February 5, 2013, Plaintiff reported to OGC an increase in depression due to family problems and being out of medication. (Doc. 12, p. 472). On February 6, 2013, she reported being out of medications for five days. (Doc. 12, p. 473).

On March 6, 2013, Plaintiff denied being depressed and said she had not had hallucinations since before her Abilify dosage was increased. (Doc. 12, p. 479). At that same time, it was reported that Plaintiff would call Arkansas Rehabilitation Services to inquire about any job training and career counseling they could offer. (Doc. 12, p. 479).

On March 27, 2013, Plaintiff was given an order for lab work. (Doc. 12, p. 485). Plaintiff reported her medications were working great, and rated her depression as 4/10, and denied any anxiety. (Doc. 12, p. 480). She was continued on her medications.

On September 4, 2013, Plaintiff returned to OGC and said she had not been seen since March, and had not had any therapy since March. She said the reason was she did not have the money. (Doc. 12, p. 485). Plaintiff also had not had her lab work done, although OGC was going to pay for it. (Doc. 12, p. 485). She reported being out of medications for

one month. Plaintiff was to restart her medications and therapy. (Doc. 12, p. 487). On October 3, 2013, Plaintiff was doing better. (Doc. 12, p. 490). On November 6, 2013, Plaintiff said she was better overall. (Doc. 12, p. 490). Clearly, Plaintiff knew she was better when she took the medication, and indicated the reason she did not take it at times was because she could not afford it. Thus, her failure to comply with prescribed medication was not a result of her alleged mental impairment.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### C. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Gilliam's v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-

9

MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from <u>Willms v. Colvin</u>, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013)).

The Court finds there is substantial evidence to support the ALJ's RFC determination.

### D.  VE's Testimony:

Plaintiff argues that the ALJ failed to comply with SSR 00-4p in failing to inquire whether the VE's testimony was consistent with the <u>Dictionary of Occupational Titles (DOT)</u>. Defendant concedes that the ALJ did not ask the VE about any possible conflict between the VE's testimony and the information provided in the DOT. However, as noted by Defendant, the ALJ's error was harmless because there was no conflict between the VE's testimony and the DOT. <u>See</u> <u>Renfrow v. Astrue,</u>496 F.3d 918, 921 (8th Cir. 2007). Both the positions the VE testified Plaintiff could perform – hand packer and machine packer – are medium unskilled jobs, and there is therefore no conflict between the information provided by the VE and the DOT.

### IV.     Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.   The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 20th day of December, 2016.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE